**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-cv-21834-ALTMAN/Reid

**ELIZABETH RODRIGUEZ**,

    *Plaintiff*,

v.

**BJ'S RESTAURANTS, INC.**, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING MOTION TO REMAND

The Plaintiff has filed a Motion for Remand to State Court (the "Motion to Remand") [ECF No. 9]—which, after careful review, we now **DENY**.[1]

### THE FACTS

On June 30, 2022, our Plaintiff, Elizabeth Rodriguez, sued our Defendants—BJ's Restaurants, Inc. ("BJ's") and John Doe—in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting two counts of negligence. *See* Complaint ("Compl.") [ECF No. 1-9]. "John Doe" is allegedly a store manager at BJ's and a "resident of Miami Dade County, Florida." Compl. ¶¶ 6–7. BJ's removed the case to federal court on July 21, 2022—and, a few days later, Judge Martinez (of our Court) remanded the action for lack of subject-matter jurisdiction.[2] *See* Order Remanding Case to State Court (the "Martinez Order") [ECF No. 1-8] at 3. Undeterred, BJ's filed a second notice of removal on May 16, 2023. *See* Defendant's Second Notice of Removal [ECF No. 1]. This time, BJ's

---

[1] The Motion to Remand is ripe for resolution. *See* Response in Opposition to the Plaintiff's Motion to Remand (the "Response") [ECF No. 11]. The Plaintiff did not file a reply.

[2] Judge Martinez found (though, as we'll explain, we disagree) that the "Plaintiff's unsworn answers to requests for admissions . . . . are not evidence, and the Court cannot rely solely upon them to decide that subject matter jurisdiction exists." Martinez Order at 4.

removed on the basis of the Plaintiff's May 11, 2023 Amended Answers to Interrogatories, in which the Plaintiff conceded that the amount in controversy exceeds $75,000. *See id.* ¶ 14. Rodriguez has now moved to remand the case again. *See generally* Motion to Remand.

## THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been

filed in court and is not required to be served on the defendant, whichever period is shorter." "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## ANALYSIS

In her Motion to Remand, Rodriguez advances two arguments: (1) that BJ's has "failed to meet its burden of proving complete diversity" because Rodriguez and "John Doe" are "both residents of Florida"; and (2) that BJ's removal is untimely because by *either* June 30, 2022 *or* December 1, 2022, BJ's was in possession of records proving that the amount in controversy exceeds $75,000.[3] *See* Motion to Remand ¶¶ 2–6. The Plaintiff's first argument is plainly contrary to law. "In determining whether a civil action is removable on the basis of [diversity jurisdiction], *the citizenship of defendants sued under fictitious names shall be disregarded.*" 28 U.S.C. § 1441(b)(1) (emphasis added); *see also Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) ("The presence of John Does does not destroy diversity jurisdiction in cases removed to federal court." (quoting *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n.10 (1st Cir. 2007))). And, without the John Doe, the parties in our case *are* completely diverse. *See* Notice of Removal ¶ 45 ("Plaintiff is a citizen of Florida and the Defendant BJ's

---

[3] In her Motion to Remand, Rodriguez also contends that the fictitiously-named Defendant, John Doe, "is not fraudulently joined in this matter." Motion to Remand at 3. But "[t]he citizenship of John Doe is disregarded for removal purposes, which obviates the need to consider fraudulent joinder at the removal stage of the proceedings." *Laposa v. Walmart Stores E., LP*, 2020 WL 2301446, at *1 (M.D. Fla. May 8, 2020) (Steele, J.); *Cruz-Guerrero v. Wal-Mart Stores E., L.P.*, 2021 WL 8775831, at *3 n.2 (S.D. Fla. Jan. 14, 2021) (Middlebrooks, J.) ("Although I need not address the issue of fraudulent joinder at [the removal stage], should [p]laintiff seek leave to file [an] [a]mended [c]omplaint to identify the John Doe [d]efendant, and the identified [d]efendant turns out to be a Florida resident, then this Court must reexamine whether diversity jurisdiction remains, at which point Walmart may raise its fraudulent joinder argument.").

Restaurants is a California corporation with its principal place of business located at 7755 Center Ave, Huntington Beach, CA 92647.").

The second issue is a bit more complicated. Rodriguez, remember, maintains that BJ's "failed to timely remove this action within the 30-day time limit pr[e]scribed by 28 U.S.C. § 1446." Motion to Remand ¶ 19. Rodriguez thus seems to be saying that she provided BJ's with some "other paper" within the meaning of § 1446(b)(3) *earlier* than thirty days before BJ's submitted its Second Notice of Removal. *Ibid*. But the thirty-day clock *wasn't* triggered on either of the dates Rodriguez gives us.

The first date Rodriguez offers is June 30, 2022—which is the day on which Rodriguez filed her initial Complaint in state court. "Plaintiff's Initial Complaint (filed June 30, 2022)," she says, "alleges that in addition to compensation for medical expenses incurred, Plaintiff is seeking compensation for pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, [and] loss of ability to earn money." Motion to Remand ¶ 22 (cleaned up). While the Motion to Remand is by no means clear on this point, Rodriguez seems to be suggesting that, by virtue of this sentence in her original Complaint, BJ's should have known that the amount in controversy exceeds $75,000. We disagree. When a complaint "seeks an indeterminate amount of damages, the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Bylsma v. Dolgencorp, LLC*, 2010 WL 3245295, at *1 (M.D. Fla. Aug. 17, 2010) (Merryday, J.). In other words, indeterminate damages cannot, standing alone, establish the amount in controversy. In our case, the Plaintiff's Complaint alleged only "$30,000.00" in damages, "exclusive of interest, costs, and attorney fees." Compl. ¶ 1. "[U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal *unambiguously* establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis added).

4

Because the Complaint doesn't unambiguously establish federal jurisdiction, it didn't trigger the thirty-day clock.

*Second*, Rodriguez tells us that, "[b]y December 1, 2022, [BJ's] was in possession of [Rodriguez's] medical records and bills, which prove that [she] underwent back surgery as a result of the subject incident and had incurred medical bills totaling $112,935.08." *Id.* ¶ 21. But Rodriguez has adduced *no evidence* for her claim that BJ's was in possession of Rodriguez's medical bills by December 1, 2022. And the evidence we *do* have appears to belie Rodriguez's position. BJ's, after all, has submitted two emails to support its view that the "Plaintiff did *not* serve the medical records and bills referenced . . . in her Answers to Interrogatories, she only served her 7-page interrogatory answers." Response ¶ 5 (emphasis added). In the first email (dated November 29, 2022), counsel for BJ's wrote to counsel for the Plaintiff, saying: "Numerous Answers are deficient, also I do not see the medical records and bills you refer us to, albeit improperly." Exhibit 1 to the Response [ECF No. 11-1] at 1. When the first email went unanswered, counsel for BJ's sent a follow-up email, dated December 7, 2022, reiterating that "I cannot seem to find the Medical Bills attached as referenced in the responses. Can you please forward them to me." Exhibit 3 to the Response [ECF No. 11-3] at 1. Without any evidence to corroborate Rodriguez's claim that she turned over her medical bills by December 1, 2022, we cannot say that BJ's thirty-day clock began to tick on that day.

All that said, we acknowledge the elephant in the room—that the removal clock may well have started to run on February 27, 2023, when Rodriguez "amended her responses [to the Requests for Admission], admitting the amount in controversy exceeded $75,000.00, albeit in unverified form." Removal Notice ¶ 11. Under § 1446(b)(3), "[t]he definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (Marra, J.). And many Courts, including the Eleventh Circuit, have specifically held that a response to a request for admission counts as "other paper"—thus

5

triggering the thirty-day clock for removal.[4] But, because the Plaintiff didn't raise this argument, we won't prejudice the Defendant by remanding the case without notice or an opportunity to respond.

Accordingly, we hereby **ORDER and ADJUDGE** that the Plaintiff's Motion to Remand [ECF No. 9] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on August 4, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[4] BJ's has already tried to remove this case on the basis of the Plaintiff's Responses to Requests for Admission. *See* Martinez Order at 3. When Judge Martinez remanded the case, he held that the "Plaintiff's unsworn admissions, absent other evidence, may not by themselves provide sufficient evidence to cure a jurisdictional pleading deficiency." *Ibid.* Unfortunately, we don't agree with our colleague's conclusion. Responses to requests for admission (and many other forms of "informal" communications) *can* constitute "other paper" under § 1446. *See Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989) ("When Wilson responded to GMC's Requests for Admission . . . she triggered the 30-day period [for removal]."); *Target Corp.*, 2010 WL 3632794, at *2 ("Courts have held that responses to request for admissions . . . can be 'other paper' under 28 U.S.C. § 1446(b)."); *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *5 (M.D. Ala. May 22, 2017) ("There is no dispute that discovery responses, including answers to requests for admission, can be 'other paper' for purposes of removal under § 1446(b)(3).").