UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21834-ALTMAN/Reid

**ELIZABETH RODRIGUEZ**,

    *Plaintiff*,

v.

**BJ'S RESTAURANTS, INC.**, *et al.*,

    *Defendants.*

_____/

## ORDER ON MOTION TO DISMISS

The Defendant, BJ's Restaurants, Inc. ("BJ's"), has moved to dismiss the Plaintiff's Complaint. *See* Motion to Dismiss [ECF No. 10]. For the reasons set out below, the Motion to Dismiss is **GRANTED in part and DENIED in part**.

### THE FACTS

On June 30, 2022, our Plaintiff, Elizabeth Rodriguez, sued our Defendants—BJ's and "John Doe"—in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting one count of negligence against BJ's and one (nearly identical) count of negligence against John Doe. *See* Complaint [ECF No. 1-9]. Rodriguez alleges that, on February 19, 2021, she "was injured after slipping and falling on a liquid that was present on the flooring surface of the Premises." *Id.* ¶ 8. She contends that the liquid was a "foreseeable" "dangerous condition," and that both BJ's and John Doe (allegedly a store manager at BJ's) were "on constructive notice of the dangerous condition." *Id.* ¶¶ 12, 16. She also claims that, "[a]s a direct and proximate cause of the negligent conduct of [the Defendants], [she] suffered bodily injury that is permanent within a reasonable degree of medical probability," resulting in "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

earnings, loss of the ability to earn money, and aggravation of a previously existing condition." *Id.* ¶ 17.

BJ's removed the case to federal court on July 21, 2022—and, a few days later, Judge Martinez (of our Court) remanded the action for lack of subject-matter jurisdiction. *See* Order Remanding Case to State Court [ECF No. 1-8]. BJ's filed a second notice of removal on May 16, 2023. *See* Defendant's Second Notice of Removal [ECF No. 1]. Rodriguez, in turn, filed a second Motion to Remand [ECF No. 9], which we denied, *see* Order Denying Motion to Remand [ECF No. 15]. BJ's now seeks to dismiss the Plaintiff's Complaint for the following six reasons:

> [(1) The Complaint] raises duties not recognized by law, thus failing to state a claim; (2) it fails to identify any transitory foreign substance beyond stating it was a 'liquid substance'; (3) since it fails to identify anything beyond a 'liquid substance', her conclusory allegation on an essential elements [sic] that 'the dangerous condition occurs with regularity at the Premises and was therefore foreseeable' is barebones and lacks factual support; (4) it commingles and shotgun pleads Failure to Maintain and Failure to Warn claims despite their separate elements; (5) it fraudulently joins John Doe; and (6) fails to state a claim against John Doe.

Motion to Dismiss at 1. We'll address each of these arguments—albeit in a slightly different order.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10

(11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Under Florida law, which governs this case,[1] "[a] negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 277–78 (Fla. 3d DCA 2017). "With respect to the duty element, a possessor of premises to which the public is invited has a legal duty to ascertain that the premises are reasonably safe for invitees." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019). "This duty to business invitees equates to two legal duties: (1) to use reasonable care to maintain the premises in a safe condition, which includes a duty to use reasonable care to learn of the existence of any dangerous conditions on the premises, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care." *Ibid.*

## ANALYSIS

### 1. Fraudulent Joinder and the Allegations Against John Doe

We begin with BJ's' fifth and sixth arguments: that the "John Doe Defendant is fraudulently joined and the allegations against him fail to state a claim." Motion to Dismiss at 10. "To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence

---

[1] A federal court sitting in diversity applies "the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result." *Admiral Ins. Co. v. Feit Mgmt. Co.*, 321 F.3d 1326, 1328 (11th Cir. 2003).

that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). The standard for fraudulent joinder is "more 'lax' than the Rule 12(b)(6) motion to dismiss standard: To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, while all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Beasley Forest Prods., Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1376 (S.D. Ga. 2021) (cleaned up). "The burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

In this case, however, and despite the heavy burden, we agree with BJ's that the claims against John Doe fail to allege even a *possible* claim of negligence. Under Florida law, "personal liability cannot be imposed upon [an] officer simply because of his general administrative responsibility for performance of some function of his employment. He must have a personal duty towards the injured third person, breach of which specifically has caused the person's damages." *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989). In another slip-and-fall case in our District, Judge Moore found that the store manager had been fraudulently joined because the complaint failed to allege any facts about the manager's personal liability:

> To establish a tort claim against an officer or agent of a corporation under Florida law, a plaintiff must prove that that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault . . . . Here, [p]laintiff wholly fails to allege facts indicating that [the manager] breached a legal duty through personal (as opposed to technical or vicarious) fault . . . . [The] [p]laintiff does not allege that [the manager] (1) witnessed the incident, (2) personally participated in the events leading up to the incident, (3) created the hazardous condition that caused [the] incident, (4) has knowledge of any employee or customer involve[ed] in creating the hazardous condition that caused [the] incident, (5) observed the hazardous condition before [the] incident, (6) was in the area at the time of the incident or (7) . . . participated in the investigation of [the] incident. In fact, the [c]omplaint does not even specifically allege that [the manager] was present at the store that day . . . . The Court finds that [p]laintiff's Count I allegations fail to allege even a possible state law cause of action against [the manager].

4

*Watts v. Wal-Mart Stores E.*, 2023 WL 2028384, at *3–4 (S.D. Fla. Feb. 16, 2023) (Moore, J.) (cleaned up).

Our Complaint is just the same. Like the plaintiff in *Watts*, Rodriguez tells us nothing about how John Doe might be personally (as opposed to technically or vicariously) liable. The Complaint doesn't allege that John Doe witnessed the incident or that he participated in the events leading up to (or following) Rodriguez's fall. It doesn't allege that John Doe created the dangerous condition, that he noticed the dangerous condition, or that he was in any way responsible for it. *See* Complaint ¶¶ 14–17. In fact, apart from asserting that John Doe was the store manager "[a]t all times material hereto," *id.* ¶ 7, the Complaint doesn't even tell us whether John Doe was present at BJ's at the time of the incident. Rodriguez says only that John Doe, "as manager of the Premises, owed Plaintiff . . . a duty to maintain the Premises in a reasonably safe condition, to inspect the Premises for defects and dangerous conditions, to correct dangerous conditions about which said Defendant either knew or should have known by the use of reasonable care and reasonable inspection, and to warn Plaintiff . . . of any dangerous conditions about which said Defendant had or should have had knowledge greater than that of Plaintiff." *Id.* ¶ 14. These bare recitations are insufficient to establish personal liability under Florida law. *See Boyd v. Petco Animal Supplies Stores, Inc.,* 2018 WL 4360621, at *2–3 (M.D. Fla. Sept. 13, 2018) (Corrigan, J.) (finding fraudulent joinder of a store manager where the allegations were "not specific and direct; rather, they are conclusory," and the plaintiff "provided no facts demonstrating that [the manager] played any role in [her] injuries").

The Complaint alleges that John Doe breached his duty of care "by personally failing to detect and/or remove the liquid substance from the floor, although he/she knew, or in the exercise of reasonable care should have known, about its existence." Complaint ¶ 15. It also alleges that John Doe "personally fail[ed] to properly maintain and inspect the floors" and "personally fail[ed] to properly train and supervise his agents[.]" *Ibid.* But the addition of the word "personally" to these claims doesn't

5

show *personal* fault on the part of John Doe—nor does it rectify the lack of "factually supported allegation[s] that John Doe . . . was 'personally liable' and 'actively negligent' in relation to [Rodriguez's] fall." *Cruz v. Walmart Stores E., LP*, 2023 WL 1069693, at *3 (M.D. Fla. Jan. 27, 2023) (Chappell, J.); *see also Consuegra v. Macy's Retail Holdings, LLC*, 2023 WL 3050978, at *2 (S.D. Fla. Apr. 24, 2023) (Seitz, J.) ("[The] [p]laintiffs argue that the addition of the word 'himself' throughout their [c]omplaint somehow imposes personal liability on [d]efendant Tolkov. [ ] However, [p]laintiffs specifically plead that [ ] Tolkov's duty to exercise reasonable care arises from his status as the manager of the Property. Plaintiffs do not allege facts that [d]efendant Macy's specifically delegated responsibility for the maintenance of the store escalator to [d]efendant Tolkov, and that [d]efendant Tolkov breached this duty personally, as opposed to technically or vicariously . . . . Based on the [c]omplaint's factual allegations, there is no possibility that Florida law could impose personal liability on [d]efendant Tolkov.").

Under Florida law, "a store manager may only be personally liable for [negligence] causes of action . . . if the manager was *present and in control of* the premises at the time of the accident." *Featherstone v. Floor & Décor Outlets of Am., Inc.*, 2020 WL 13367972, at *2 (S.D. Fla. Oct. 27, 2020) (Rosenberg, J.) (emphasis added). Where a complaint fails to allege even perfunctory facts indicating that a store manager was present at the store at the time of the incident, courts in this Circuit consistently find that the manager was fraudulently joined. *See Rogers v. Dollar Tree Stores Inc.*, 2020 WL 10458515, at *4–6 (M.D. Fla. June 9, 2020) (Byron, J.) (finding fraudulent joinder of a store manager where the plaintiff "failed to present evidence[2] refuting that [the manager] was not present for, had no personal knowledge of, and did not actively participate in the alleged incident"). As Judge Moore explained:

---

[2] "[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez*, 139 F.3d at 1380. Without any affidavits or

> [T]he [c]omplaint does not even specifically allege that [the manager] was present at the store [on the day of the injury] . . . . And, to be sure, while [p]laintiff uses variations of the phrase 'personal liability' several times throughout Count I, she fails to state personal actions or omissions on [the manager's] part which gave rise to [p]laintiff's injury . . . . The [c]omplaint is [ ] devoid of any colorable allegations from which the Court could infer that [the manager] is personally liable for [p]laintiff's injuries, and [p]laintiff states no alternative theory of liability for [the manager's] liability . . . . For these reasons, the Court finds by clear and convincing evidence that there is no possibility that [p]laintiff can establish a cause of action against [the manager] under state law . . . . Accordingly, [the manager] must be dismissed as a party from this action.

*Watts*, 2023 WL 2028384, at *3–4.

We recognize that, in *Krobatsch v. Target Corp.*, another slip-and-fall case, we refused to find fraudulent joinder of a store manager (who, we hasten to add, the plaintiff there had identified by name as Scott Hoffman). 2020 WL 6375175, at *1 (S.D. Fla. Oct. 30, 2020) (Altman, J.). In that case, however, Hoffman conceded in an affidavit that he was the "Leader on Duty" on the day of the incident and that he "responded to the front end of the store after the incident occurred—at which point he documented the incident." *Ibid.* Hoffman also "never challenge[d]" the complaint's allegation that he "was responsible for monitoring the cleanliness of the floors." *Id.* at *4. Based on the "allegations of the [c]omplaint and the unimpeached averments of Hoffmann's [a]ffidavit," we found that the defendants had failed to satisfy their burden of showing that Hoffman "*could never* be liable to the [p]laintiff." *Ibid.* Our case is different. Here, we have no information (either in the Complaint or in a supplemental affidavit) suggesting that John Doe was "responsible for monitoring the cleanliness of the floors" or even that he was present at BJ's when Rodriguez fell. And there's no indication that John Doe "participated in the investigation of the incident." *Watts*, 2023 WL 2028384, at *3.

Taking the allegations in the light most favorable to the Plaintiff, we find no facts that would establish John Doe's personal liability for Rodriguez's injuries. Instead, "this appears to be a run of

---

depositions to review in this case, *see generally* Docket, we constrain our analysis to the allegations in the Plaintiff's Complaint.

the mill slip and fall case in which the store manager individually has no liability." *Boyd*, 2018 WL 4360621, at *3. Having determined that John Doe was fraudulently joined, we now **GRANT** BJ's' *fifth* argument for dismissal and **DISMISS** John Doe from the case.[3]

### 2. Shotgun Pleading and Duties Not Recognized by Law

In its *fourth* argument, BJ's contends that the Complaint "commingles and shotgun pleads Failure to Maintain and Failure to Warn claims despite their separate elements." Motion to Dismiss at 1. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). As the Eleventh Circuit has explained, a complaint is an impermissible "shotgun" pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). Our Plaintiff's Complaint plainly falls into this third category because it "fails to separate into a different count each cause of action." *Ibid.* Specifically, the Complaint commingles the duty-to-maintain and the duty-to-warn claims. In Count I, the Plaintiff asserts—in a single paragraph alleging that BJ's breached its duty of care—eight different theories of negligence, including failure "to provide adequate warning of the aforedescribed dangerous condition to store patrons" and failure to "properly maintain and inspect the floors of the premises." Complaint ¶ 11.[4]

---

[3] For similar reasons, we find (consistent with BJ's' *sixth* argument for dismissal) that Rodriguez has failed to state a viable claim against John Doe. *See* Motion to Dismiss at 10.
[4] In Count II of the Complaint, Rodriguez similarly asserts (again, in a single paragraph) that John Doe engaged in six different kinds of negligence—among these, failure to warn and failure to maintain.

8

But "[t]hese theories are conceptually different and require different proof." *O'Brien v. NCL (Bahamas) Ltd.*, 2016 WL 11504098, at *3 (S.D. Fla. Nov. 18, 2016) (Lenard, J.). As a result, courts in our District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action. *See Johnson v. Carnival Corp.*, 2020 WL 128179, at *3 (S.D. Fla. Jan. 10, 2020) (Bloom, J.) ("[The] [p]laintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn . . . . These theories should be asserted separately with supporting factual allegations . . . . On this basis alone, the [c]omplaint is due to be dismissed."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) (Moore, J.) (holding that a complaint "epitomize[d] a form of 'shotgun' pleading" because it alleged that the defendant owed a duty to provide "reasonable care" and then "proceed[ed] to allege at least twenty-one ways in which [d]efendant breached this duty"); *Baldoza v. Royal Caribbean Cruises, Ltd.*, 2021 WL 243676, at *5–6 (S.D. Fla. Jan. 25, 2021) (Moreno, J.) (dismissing negligence cause of action as "an impermissible shotgun pleading" because it did not separate negligent hiring and negligent retention into different counts, even though those claims "require[ ] different factual findings by a jury").

Because Rodriguez seeks to advance multiple theories of negligence, she must "separate each cause of action into a separate paragraph, and [she must] support each cause of action with specific (non-conclusory) factual allegations." *Brodowicz v. Walmart, Inc.*, 2022 WL 3681958, at *2 (S.D. Fla. June 6, 2022) (Altman, J.); *see also O'Brien*, 2016 WL 11504098, at *3 ("The amended complaint shall separate into distinct counts all claims that will require different proof, e.g., negligent design, failure

---

*See* Complaint ¶ 15. Count II, like Count I, thus "epitomizes" the third category of shotgun pleading. *Garcia*, 838 F. Supp. 2d at 1337. But we've already dismissed John Doe as a party from this case, so we won't separately analyze Count II here.

9

to warn, failure to maintain, etc. Each count shall include the specific factual allegations supporting the claim, consistent with Rule 10(b)."). Count I should be **DISMISSED** (without prejudice) for this reason alone.

Relatedly—and in their *first* argument—BJ's argues that the Plaintiff's Complaint identifies several "duties not recognized by law, thus failing to state a claim." Motion to Dismiss ¶ 1. BJ's points specifically to the Complaint's allegation that BJ's "owed" Rodriguez a "duty" "to inspect the Premises for defects and dangerous conditions [and] to correct dangerous conditions about which said Defendant either knew or should have known by the use of reasonable care and reasonable inspection." *Ibid.* (quoting Complaint ¶ 9). As we've said, under Florida law, the "duty to business invitees" gives rise to *two* legal duties: "(1) [the duty] to use reasonable care to maintain the premises in a safe condition, . . . and (2) [the duty] to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care." *Palavicini*, 787 F. App'x at 1010. BJ's seems to be suggesting that the Plaintiff is trying to invent new legal duties. The Plaintiff disagrees. She says that she was simply "set[ting] forth the requisite elements of a negligence claim[.]" Plaintiff's Response to Motion to Dismiss (the "Response") [ECF No. 12] ¶ 8. Taking the allegations in the light most favorable to the Plaintiff, we're willing to accept (for now) that her references to the "duties" "to inspect" and "to correct dangerous conditions" aren't novel legal theories, and that she was merely (if unartfully) claiming that BJ's violated its duty of care. Still, "[t]he Court refuses to go line-by-line and determine which of [BJ's] alleged breaches are appropriate and supported by law." *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.). How the Plaintiff ultimately chooses to organize her amended complaint (or whether she files one at all) is up to her, but we warn the Plaintiff that "the burden will remain on [her] to review her [amended] [c]omplaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith." *Ibid.*

### 3. Failure to Identify the Liquid Substance

In its *second* argument, BJ's contends that the Complaint fails to identify the type of liquid that (allegedly) caused the Plaintiff's fall. *See* Motion to Dismiss at 1. And (BJ's insists) the Complaint should be dismissed because of this failure. We disagree. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 545. At the motion-to-dismiss stage, factual allegations must only "be enough to raise a right to relief above the speculative level." *Ibid*. As relevant here, a plaintiff stating a claim for negligence in a slip-and-fall case is *not* required to identify the type of liquid that (allegedly) caused her fall. Rather, a plaintiff is only required to identify "her status on the property (an invitee), the date of the accident [ ], her location on the premises [ ], and the cause of her fall (a liquid) . . . . These allegations are sufficient to state a negligence claim that is plausible on its face." *Glasco v. Pembroke Lakes Mall, LLC*, 2019 WL 1112277, at *3 (S.D. Fla. Jan. 15, 2019) (Valle, Mag. J.), *report and recommendation adopted*, 2019 WL 1115867 (S.D. Fla. Feb. 6, 2019) (Williams, J.).

Here, the Complaint alleges that Rodriguez was a "lawful business invitee on the Premises," that the accident occurred "[o]n or about February 19, 2021," that she was injured in the restaurant, and that she slipped and fell "on a liquid that was present on the flooring surface of the Premises." Complaint ¶ 8. That's plainly sufficient for now. *See Glasco*, 2019 WL 1112277, at *3 ("[The] [d]efendants' arguments that [p]laintiff should be required to allege the source, size, width, composition, and color of the liquid, why the liquid was not visible, and the precise location of the liquid fail under Rule 8's pleading standard."); *Del Toro v. Fresh Mkt., Inc.*, 2014 WL 11776942, at *1 (S.D. Fla. Nov. 25, 2014) (Scola, J.) (denying motion to dismiss in slip-and-fall case where the defendants argued that the complaint failed to describe the "characteristics" of the liquid); *Fink v. Burlington Coat Factory of Fla., LLC*, 2014 WL 2158416, at *3–4 (S.D. Fla. May 23, 2014) (Rosenbaum, J.) (holding that a "factually meager" complaint in a slip-and-fall case survived a motion to dismiss

because the plaintiff's "claim that she fell and injured herself while shopping at Burlington Coat Factory is certainly plausible, and Burlington Coat Factory is placed on notice that [the plaintiff] alleges it was negligent in maintaining a nonslip floor"). The Plaintiff's failure to identify the type of liquid she slipped on thus isn't grounds for dismissal.

### 4. Constructive Notice

Finally, in its *third* argument for dismissal, BJ's argues that the Plaintiff's "conclusory allegation that 'the dangerous condition occurs with regularity at the Premises and was therefore foreseeable' is . . . barebones and lacks factual support." Motion to Dismiss ¶ 2 (quoting Complaint ¶ 12). The Plaintiff counters that she has "described both the dangerous condition which caused her to fall and the fact that said condition occurred with regularity and was therefore foreseeable." Response ¶ 14. Although we accept the Plaintiff's allegations as true, the Complaint's assertion of foreseeability is insufficient to establish constructive notice.

In affirming a district court's dismissal of a slip-and-fall complaint for failure to state a claim, the Eleventh Circuit recently reiterated that a complaint alleging constructive notice *must* "include factual allegations that plausibly suggest [the business] had constructive notice of the dangerous condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). "As to constructive notice, [a plaintiff] [is] required to plausibly allege that either (1) the hazardous substance existed on the [same location] for a sufficient length of time . . . or (2) substantially similar incidents occurred in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* at 1096 (cleaned up).

But Rodriguez's Complaint doesn't include *any* allegations that the liquid was present on the floor for a "sufficient" amount of time. "Indeed," to borrow from the Eleventh Circuit for a moment, Rodriguez's "complaint lacks any allegation as to how long the [liquid] existed on [floor]. Nor does the [ ] complaint allege any factual allegations describing that substance in a way that would suggest it

existed on the [floor] for a sufficient period of time such that [BJ's] should have been aware of it or that would tend to show that the liquid was on the [floor] for an amount of time sufficient to impute constructive notice to [BJ's]." *Ibid*. With respect to similar incidents, Rodriguez's bare assertion that the "dangerous condition occurs with regularity at the Premises," Complaint ¶ 16, is plainly insufficient. In *Holland*, the Eleventh Circuit held that the plaintiff's "conclusory allegations that '[t]here are frequently spills on the staircase' and 'prior slip and fall incidents on this staircase' [were] insufficient [because] Holland has not alleged any facts concerning a substantially similar incident to the one at issue. Therefore, Holland has not plausibly alleged that Carnival had constructive knowledge based on a substantially similar incident." 50 F.4th at 1096. Rodriguez's allegation in our case—that the "dangerous condition occurs with regularity at the Premises," Complaint ¶ 16—does even less and certainly never identifies "a substantially similar incident to the one at issue," 50 F.4th at 1096.

Rodriguez, in short, cannot simply assert that the spill was "foreseeable" and that, "as a result, Defendant, BJ's RESTAURANTS, INC., was on constructive notice of the dangerous condition." Complaint ¶ 12. If the Plaintiff wants to file an amended complaint, she *must* plausibly set out facts establishing *either* (1) that the liquid was on the floor for a sufficient amount of time *or* (2) that substantially similar incidents had occurred at BJ's.

\*\*\*

Accordingly, we hereby **ORDER and ADJUDGE** that:

1. BJ's' Motion to Dismiss Count II [ECF No. 10] is **GRANTED** *without prejudice*.
2. The Defendant "John Doe" is **DISMISSED** from this action. The Clerk of Court is directed to **TERMINATE** John Doe as a Defendant.
3. We also **GRANT** the Motion to Dismiss Count I as a shotgun pleading.
4. The Motion to Dismiss is otherwise **DENIED**.

5. The Plaintiff's Complaint [ECF No. 1-9] is therefore **DISMISSED** *without prejudice* and *with leave to amend*.

6. If the Plaintiff wishes to file an amended complaint, she must do so by September 8, 2023.

**DONE AND ORDERED** in the Southern District of Florida on August 24, 2023.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record